P. Richard Meyer (Wyo. Bar #5-1729)
Ryan Shaffer (Wyo. Bar # 7-4800)
Robert L. Stepans (Wyo. Bar #6-4149)
Meyer, Shaffer & Stepans, PLLP
350 E. Broadway
P.O. Box 644
Jackson, WY 83001
Tel: (307) 734-9544
Fax: (307) 733-3449
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ARTHUR WOLF,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>INDIAN MOTORCYCLE COMPANY, POLARIS INDUSTRIES INC., and DOE CORPORATIONS 1-5,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No.12-CV-229-J<br><br>**COMPLAINT** |

COMES NOW Plaintiff by and through counsel undersigned and for his causes of action and claims for relief against the defendants, states and alleges as follows:

### I. FACTS COMMON TO ALL CLAIMS FOR RELIEF

1.　Plaintiff Arthur Wolf is a citizen and resident of the State of Wyoming and was such at all times material to this complaint.

2. Defendants Indian Motorcycle Company and Polaris Industries Inc. are foreign corporations whose citizenship is in States other than the State of Wyoming

3. Doe Entities 1-5, inclusive ("Doe Defendants") are legal entities either actual persons or entities created pursuant to the laws of a state of the United States who are citizens of some state other than the state of Wyoming with principal places of business in states of the United States other than the state of Wyoming. The Doe Defendants are fictitiously named defendants whose true names could not be determined and when determined they will be substituted herein by amendment.

4. Plaintiff claims injuries and/or damages arising from an incident that occurred in Wyoming on US Highway 26 at or about Milepost 158.25 on June 9, 2011.

5. The defendants have sufficient contacts with the State of Wyoming for *in personam* jurisdiction to exist and for this Court to exercise jurisdiction over this case and the defendants.

6. At all times material to this Complaint, the defendants committed acts or omissions by and through their agents, employees or others who were acting within the scope of their employment or agency and are vicariously liable for such conduct. Alternatively, the defendants are liable for the acts and omissions of their employees and agents even if acting outside the scope of their agency and/or employment.

7. This court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship of the parties hereto, and by virtue of the fact that the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

8. Venue is proper under 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

9.   Workers Compensation benefits have been paid pursuant to Wyoming law and all proper notifications and other jurisdictional conditions have been met.

10.  On or about June 9, 2011, Plaintiff was operating a motorcycle, (the "Motorcycle") which, upon information and belief, was manufactured by Defendants and placed into the stream of commerce by them.

11.  At such time and place alleged herein, Plaintiff was travelling at a lawful rate of speed on a public highway.  It was dark and Plaintiff had his lights on. Upon seeing the headlights of oncoming traffic, Plaintiff attempted to switch from "hi beam" to "low beam."  When Plaintiff attempted to change the beam on the Motorcycle lights from high to low, the lighting system on the Motorcycle failed causing all of the lights to go off without warning and for the Plaintiff to lose sight of the road, hit the guardrail, and to be injured as is alleged herein.

## II.  FIRST CLAIM FOR RELIEF:
### STRICT PRODUCTS LIABILITY CLAIMS

12.  All prior allegations are incorporated herein by this reference.

13.  At all times material to this complaint, the named Defendants and the Doe Defendants were engaged in the business of and/or did design, manufacture and sell Motorcycles including their components, such as the switching systems for lights in the Motorcycle.

14.  These defendants did in fact design, manufacture, inspect, distribute and sell the Motorcycle and such was sold in a dangerous and defective condition.

15.  These defendants are strictly liable for damages caused by the failure of the light switching system of the Motorcycle, which was defectively designed, defectively manufactured or defectively assembled.

16.  The lighting assembly of the Motorcycle was in a defective condition which rendered it unreasonably dangerous.  These conditions include, but are not limited to, defects in the manufacture, design, or assembly of the lighting

system as well as defendants' failure to properly instruct and warn foreseeable users and purchasers of the product in question.

17.    The lighting system and other component parts of the Motorcycle were intended to and did, in fact, reach their intended users and purchasers without substantial change in the defective and hazardous condition in which they were designed, manufactured, assembled and sold by the defendants.

18.    As a proximate cause and consequence of the product in question and conduct of these defendants, these defendants are liable for the damages sustained by Plaintiff, which are above the jurisdictional minimum of this Court and are more specifically set forth below and incorporated herein by this reference.

### III. SECOND CLAIM FOR RELIEF:
### NEGLIGENCE OF ALL DEFENDANTS

19.    All prior allegations are incorporated herein by this reference.

20.    Defendants negligently designed, inspected, manufactured, assembled, distributed, consulted and sold the Motorcycle and its electrical and lighting systems.

21.    Defendants negligently and unreasonably failed to properly instruct and warn their customers, purchasers, and foreseeable users of the Motorcycle and its electrical and lighting systems of its defective and ultra-hazardous condition and were otherwise negligent and guilty of willful and wanton misconduct.

22.    Defendants knew, or should have known, that the Motorcycle and its electrical and lighting systems were defective and ultra-hazardous but placed the product in the stream of commerce nonetheless.

23.    As a proximate cause and consequence of the negligence and willful and wanton misconduct of the defendants, the defendants are liable for the damages sustained by Plaintiff, which are above the jurisdictional minimum of this Court and more specifically set forth below and incorporated herein by this reference.

## IV. DAMAGES

24.   All prior allegations are incorporated herein by this reference.

25.   As a direct and proximate result of the negligence, carelessness, willful and wanton, and reckless misconduct of the Defendants, Plaintiff suffered permanent and progressive injury to extremities - including but not limited to severe injuries to his right wrist, knee, hip, and forearm as well as his left shoulder, humerus, clavicle, bicep, hand and forearm, past and future physical and emotional pain and suffering, past and future medical expenses, loss of his established course of life, loss of enjoyment of life, disability and loss of wages and earning capacity.

26.   Plaintiff is entitled to punitive damages, which are hereby claimed.

## V. JURY DEMAND

27.   Plaintiff hereby requests a jury trial in this matter.

WHEREFORE, Plaintiff prays for judgment against defendants in a reasonable amount to be determined at trial, and for all damages permitted pursuant to law, interest and costs and for such other relief as may be reasonable and proper.

DATED this __/ /__ day of October, 2012.

Robert L. Stepans (Wyo. Bar #6-4149)
Meyer, Shaffer & Stepans, PLLP
350 E. Broadway
P.O. Box 644
Jackson, WY 83001
rob@mss-lawfirm.com
(307) 734-9544
(307) 733-3449 (Fax)
Attorneys for Plaintiff

**Complaint**
Wolf v. Indian Motorcycle Company, et al.
Page 5